## SNELL v. KIMMELL.

Where in an action on a promissory note, as follows: $181 86. Twelve months after date, we, or either of us, promise to pay S. & B., or order, one hundred and eighty-one dollars and eighty-six cents, for value received, to draw ten per cent. interest from date, if not punctually paid. February 10, 1857," in which the defendants pleaded usury, the plaintiff called one of the defendants as a witness, who testified that in February, 1857, he executed a note to plaintiffs—he thought about the 1st of February, but would say about the 4th, 5th, 6th, 7th or 8th—for the sum of $180 and some cents, or for $181 and some cents—he thought it was eighty cents; that one M. signed the same as surety; that it was given for $100, and a note of his own for $29 80; that the words did not contain any words relating to prompt payment—did not draw ten per cent. interest—nor was there a promise to pay interest; that if there was, he thought he should remember it; that he owed no other note to S. & B.; and that the note was payable in one year from date; and where the court held that the evidence failed to establish the identity of the note, and rendered judgment for the plaintiff for the amount of the note sued on; *Held*, That the note was sufficiently identified, and that the finding of the court was erroneous.

Where a cause is tried by the court, without a jury, and the finding of the court is in writing, and all the testimony is set out in the record, the appellate court may review the finding of the court below, in like manner as it may re-examine the verdict of a jury, on a motion to set aside the verdict, on the ground that it is not supported by the evidence.

Where a cause is tried by the court, without a jury, and the finding of the court is reduced to writing, and all the testimony, with the exceptions of

the party complaining, is set out in the record—all of which is signed by the judge who tried the cause, the paper is to be treated as a bill of exceptions.

*Appeal from the Webster District Court.*

TUESDAY, APRIL 12.

AN ACTION on a promissory note, which read as follows: "$181 86. Twelve months after date, we, or either of us, promise to pay Snell & Butterworth, or order, one hundred and eighty-one 86-100 dollars for value received, to draw ten per cent. interest from date, if not punctually paid. February, 10, 1857," to which the defendant filed a plea of usury. The cause was tried by the court, and the only evidence offered was the testimony of Kimmell himself, who, the record says, was called by the plaintiffs. Kimmell testified that in February, 1857, he executed a note to the plaintiffs — he thought about the first of February, but would say about the 4th, 5th, 6th or 8th—for the sum of $181, and some cents, or for $181, and some cents—he thought it was eighty cents; that one W. N. Messervey signed the same as surety; that it was given for one hundred dollars, and a note of his own for $29 80; that the note did not contain any words of (relating to) prompt payment— did not draw ten per cent. interest—nor was there a promise to pay interest; that if there was, he thought he should remember it; that he owed no other note to Snell & Butterworth; and that the note was payable in one year from date.

The finding of the court is in writing, and all the testimony is set forth. The court was of opinion that the evidence failed to establish the identity of the note, satisfactorily, and rendered judgment for the plaintiffs.

*Hull & Dennison,* for the appellant.

*J. A. Kasson* and *D. O. Finch,* for the appellee.

Snell v. Kimmell.

WOODWARD, J.— We readily concur in the opinion, that the finding should have been in favor of the defendant. It is true, that in some important points, the testimony fails to describe the note, as in relation to the interest and the prompt payment; but, on the other hand, in several material matters, it is strictly correct, or very nearly so. Thus, it comes within the days of the date, and within six cents of the amount; and the witness did not name his date or sum with a profession of certainty. Then, he was correct in the time when it became due, and the most important item was, that he owed the plaintiff no other note. This determines the question, for on this he would be informed. If he is to be believed, this settles it, and his veracity is not questioned.

This court may review the finding of the court below, in like manner as they may re-examine the verdict of a jury, but the entire evidence must be brought up. In this case, it is so. This takes the place of a motion to set aside the verdict of a jury, for the reason that it is not supported by the evidence.

The plaintiff further objects that there is no motion for a new trial, nor bill of exceptions. It is true that there is no such motion. But it is difficult to avoid regarding the paper signed by the judge, as answering the purpose of a bill of exceptions. It contains the submission of the cause to the court, the entire evidence, and the finding of the court; and to this the defendants except, the exception is allowed, and it is signed by the judge. Although not in the form usually assumed by a bill of exceptions, we find it difficult not to give it the effect of one. The defendants are, therefore, fairly in this court; and though unwilling to set aside a finding, where it can justly be supported, we concur, without hesitation, in thinking it erroneous.

The judgment will, therefore, be reversed, and the cause is remanded for the court to take the proper course for enforcing the law relating to usury.